Case 1:21-cv-00931-MLB   Document 1-1   Filed 03/05/21   Page 1 of 15

E-FILED IN OFFICE - CS
CLERK OF STATE COURT
GWINNETT COUNTY, GEORGIA

**21-C-01405-S2**
**2/19/2021 12:10 PM**

CLERK OF STATE COURT

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | | |
|---|---|---|
| YVONNE FREEMAN, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Civil Action No. **21-C-01405-S2** |
| v. | ) | |
| | ) | |
| WAL-MART STORES EAST, LP (DELAWARE), | ) | |
| | ) | |
| Defendant. | ) | |

### COMPLAINT FOR PERSONAL INJURIES AND DAMAGES
### AND DEMAND FOR JURY TRIAL

COMES NOW YVONNE FREEMAN, Plaintiff in the above-captioned matter and submits her Complaint for Personal Injuries and Damages (the "Complaint") against the Defendant WAL-MART STORES EAST, LP (DELAWARE) (hereinafter "Defendant"), by showing this Honorable Court that judgment should be entered in favor of the Plaintiff against the Defendant for the relief sought in the Complaint for the reasons pled as follows:

### PARTIES, JURISDICTION, VENUE AND SERVICE OF PROCESS

1.

Plaintiff Yvonne Freeman (hereinafter "Plaintiff") is a citizen and resident of the State of Georgia. Plaintiff resides at ▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓▓. By bringing this action, Plaintiff subjects herself to the jurisdiction and venue of this Honorable Court.

2.

Defendant Wal-Mart Stores East, LP (Delaware) is a foreign limited partnership, under the laws of the State of Delaware, with its principal place of business in Arkansas. Service of process may be had on Wal-Mart Stores East, LP (Delaware) by serving its registered agent, The

Corporation Company (FL), at 112 North Main Street, Cumming, Forsyth County, Georgia 30040.

3.

Venue is proper in this Court pursuant to O.C.G.A. § 14-2-510(b)(3).

**STATEMENT OF FACTS**

4.

On or about April 20, 2019, Plaintiff was an invitee of the Defendant on the property located at 3435 Centerville Highway SW, Snellville, Gwinnett County, Georgia 30039.

5.

On or about April 20, 2019, Plaintiff, while still an invitee of Defendant, was in the restroom. Suddenly, and without warning, Plaintiff slipped and fell in what she believes was water.

6.

Plaintiff sustained severe personal injuries as a result of the liquid located on the floor.

7.

The Defendant owed a duty to invitees such as the Plaintiff to keep the premises and approaches safe.

8.

Prior to the subject incident, Defendant was aware or should have been aware of the condition of the floor, and that it constituted a potential danger to its customers.

9.

Plaintiff neither assumed the risk of her accident nor shared in the negligence of Defendant.

**COUNT I: NEGLIGENCE OF DEFENDANT**

10.

Copy from re:SearchGA

Paragraphs 1 through 9 above are incorporated by reference as if set forth fully herein.

11.

The liquid substance constituted a hazardous, dangerous, and unsafe condition.

12.

The Defendant, by statute and through their duly authorized agents, servants and/or employees did violate said duties and were negligent by the following acts and their omissions:

a. By negligently failing to exercise reasonable care to protect against a hazard arising from the liquid substance on the floor of the subject premises;

b. By failing to exercise due care and caution in the inspection of the premises to ascertain whether or not the floors were dry and unobstructed of the aforementioned premises is an obvious disregard to the safety, health and well-being to the business invitees and the general public;

c. By failing to exercise ordinary care and prudence to make sure the floors were clean;

d. By failing to correct a dangerous condition of the premises, to wit: a portion of wet floor in the women's restroom which could injure business invitees in an obvious disregard for the health, safety, and well-being of those invitees;

e. By failing to maintain and/or properly clean the floor when the Defendant knew or should have known in the exercise of reasonable care;

f. That said portion of wet floor posed an unreasonable risk to business invitees including Plaintiff by causing such dangerous condition to exist in an area where business invitees must traverse in an obvious disregard for the health, safety and well-being of its invitees thereby creating an unavoidable situation;

Copy from re:SearchGA

g. By allowing the existence of a poorly maintained floors of said premises when the Defendant knew that such a hazard could cause business invitees to be injured; and

h. By the commission of other acts of negligence which are hereby reserved for proof as discovery commences and at trial.

13.

On or about April 20, 2019, the Defendant did not take any action to rectify this dangerous condition, or to keep invitees from passing through the area or alert visitors of the dangerous condition, prior to the time that the Plaintiff was injured, despite having actual and/or constructive knowledge of the hazardous condition.

14.

Plaintiff had no knowledge of the existence of the dangerous and unsafe condition. Plaintiff had no reason to anticipate the floor would be wet upon entering the premises. She had no prior knowledge of the dangerous condition.

15.

All times herein mentioned, Defendant was in control and custody of said property.

16.

The Defendant's negligence proximately caused the injuries, losses and damages suffered by the Plaintiff.

**COUNT II: DAMAGES**

17.

Paragraphs 1 through 16 above are incorporated by reference as if set forth fully herein.

Copy from re:SearchGA

18.

As a direct and proximate result of the negligence and negligence per se of Defendant, Plaintiff suffered mental and physical injuries requiring medical treatment, as well as other damages.

19.

As a direct and proximate result of the negligence and negligence *per se* of Defendant, Plaintiff claims general damages against Defendant for all elements of pain and suffering and physical and mental injury, including shock, fright, and terror, endured by Plaintiff in an amount to be determined by the enlightened conscience of the jury after hearing the evidence at trial. Plaintiff has suffered mental and physical injuries requiring medical treatment and will continue to suffer the following:

(a) Past, present, and future physical and mental pain and suffering;

(b) Past, present, and future loss of enjoyment of life;

(c) Past, present, and future loss of earnings and income; and

(d) Past, present, and future loss of ability to labor and earn money, as well as other damages.

20.

Plaintiff claims special damages against Defendant for any medical expenses, including future medical expenses, and loss of earning capacity incurred on her behalf in an amount which reflects the reasonable value of those services as established by the evidence at trial.

21.

As a direct and proximate result of the negligence and negligence per se of Defendant,

Copy from re:SearchGA

Plaintiff is entitled to recover all special damages in an amount to be proved at trial. Currently, Plaintiff has incurred more than $45,629.48 in medical bills.

22.

As a direct and proximate result of the negligence and negligence per se of Defendant, Plaintiff is entitled to recover general damages including but not limited to Plaintiff's mental and physical pain and suffering and loss of capacity to enjoy life, past, present, and future.

23.

Defendants has acted in bad faith, been stubbornly litigious, or has caused Plaintiff unnecessary troubles or expenses. Plaintiff is therefore entitled recover the expenses of litigation, including but not limited to attorney's fees.

WHEREFORE, Plaintiff prays as follows:

(a) That Defendant be served with process and be required to answer this lawsuit;

(b) That Plaintiff recover recompensive damages from Defendant for the personal injuries which she has suffered in an amount to be determined according to the enlightened conscience of an impartial jury;

(c) That Plaintiff be awarded an amount sufficient to reimburse her for all past, present, and future medical expenses and wage losses associated with his injuries;

(d) That Plaintiff be compensated for the mental and physical pain and suffering related to her injuries;

(e) The Plaintiff be awarded interest at the legal rate on any judgment rendered;

(f) The Plaintiff be awarded expenses of litigation in bringing this action;

Copy from re:SearchGA

  (f)  That the Plaintiff have a trial by a jury of twelve (12) persons; and

  (g)  That Plaintiff be awarded any such other and further relief as the Court may deem just and appropriate.

  This the 19th day of February, 2021.

              THE EICHHOLZ LAW FIRM, P.C.

              ***/s/ David S. Eichholz***
              DAVID S. EICHHOLZ
              Georgia State Bar No. 502134
              *Attorney for Plaintiff*

319 Eisenhower Drive
Savannah, GA 31406
(912) 232-2791 - phone
(912) 629-2560 - fax
David@thejusticelawyer.com

Copy from re:SearchGA

IN THE STATE COURT OF GWINNETT COUNTY
STATE OF GEORGIA

| | |
|---|---|
| YOLANDA FREEMAN, | Civil Action File No. |
| Plaintiff, | 21-C-01405-S2 |
| v. | |
| WAL-MART STORES EAST, LP (DELAWARE) | |
| Defendant. | |

_____/

## ANSWER OF DEFENDANT

COMES NOW, Defendant WAL-MART STORES EAST, LP and makes this Answer to Plaintiff's Complaint as follows:

### FIRST DEFENSE

Plaintiff's Complaint fails to state a claim against Defendant upon which relief can be granted.

### SECOND DEFENSE

Plaintiff's alleged damages, if any, were directly and proximately caused by Plaintiff's own contributory negligence and failure to exercise ordinary care.

### THIRD DEFENSE

Plaintiff was not in the exercise of ordinary care for her own safety in the premises, and by the exercise of ordinary care could have avoided any injury to

Page -1-

herself; and on account thereof, Plaintiff is not entitled to recover from Defendant.

## FOURTH DEFENSE

Defendant denies that it was negligent in any manner whatsoever or that any negligent act or omission on its part caused or contributed to any injury or damage alleged to have been sustained by Plaintiff.

## FIFTH DEFENSE

Plaintiff assumed the risk of any hazard that was presented and is thereby barred from recovering against Defendant.

## SIXTH DEFENSE

Plaintiff's claims for attorney's fees should be dismissed as a matter of law.

## SEVENTH DEFENSE

Defendant responds to the enumerated paragraphs of Plaintiff's Complaint as follows:

1.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 1 of Plaintiff's Complaint.

2.

Defendant admits the allegations contained in paragraph 2 of the Plaintiff's Complaint.

3.

Defendant denies the allegations contained in paragraph 3 of the Plaintiff's Complaint.  Venue is now proper in the United States District Court, Northern District of Georgia, Atlanta Division.

4.

Defendant lacks sufficient knowledge and information to either admit or deny the allegations contained in paragraph 4 of Plaintiff's Complaint.

5.

Defendant denies the allegations contained in paragraph 5 of Plaintiff's Complaint.

6.

Defendant denies the allegations contained in paragraph 6 of Plaintiff's Complaint.

7.

Defendant denies the allegations contained in paragraph 7 of Plaintiff's Complaint, as stated.  The applicable statute and case law speak for themselves.

8.

Defendant denies the allegations contained in paragraph 8 of Plaintiff's Complaint.

9.

Defendant denies the allegations contained in paragraph 9 of Plaintiff's Complaint.

10.

Paragraphs 1 through 9 above are incorporated by reference as if set forth fully herein.

11.

Defendant denies the allegations contained in paragraph 11 of Plaintiff's Complaint.

12.

Defendant denies the allegations contained in paragraph 12 of Plaintiff's Complaint, including subparagraphs a., b., c., d., e., f., g., and h., thereof.

13.

Defendant denies the allegations contained in paragraph 13 of Plaintiff's Complaint, as stated.

14.

Defendant denies the allegations contained in paragraph 14 of Plaintiff's Complaint.

15.

Defendant denies the allegations contained in paragraph 15 of Plaintiff's Complaint.

16.

Defendant denies the allegations contained in paragraph 16 of Plaintiff's Complaint.

17.

Paragraphs 1 through 16 above are incorporated by reference as if set forth fully herein.

18.

Defendant denies the allegations contained in paragraph 18 of Plaintiff's Complaint.

19.

Defendant denies the allegations contained in paragraph 19 of Plaintiff's Complaint, including subparagraphs (a), (b), (c), and (d) thereof.

20.

Defendant denies the allegations contained in paragraph 20 of Plaintiff's Complaint.

21.

Defendant denies the allegations contained in paragraph 21 of Plaintiff's Complaint.

22.

Defendant denies the allegations contained in paragraph 22 of Plaintiff's Complaint.

23.

Defendant denies the allegations contained in paragraph 23 of Plaintiff's Complaint.

24.

All other allegations contained in the Complaint which are not specifically responded to herein, are, therefore, denied.

25.

Defendant denies Plaintiff's prayer for relief, including subparagraphs (a), (b), (c), (d), (e), (f), and (g) thereof.

WHEREFORE, Defendant prays that Plaintiff's Complaint be dismissed with all costs cast upon the Plaintiff. DEFENDANT DEMANDS TRIAL BY A JURY OF TWELVE (12) PERSONS AS TO ALL ISSUES SO TRIABLE.

McLAIN & MERRITT, P.C.


/s/   Howard M. Lessinger
Howard M. Lessinger
Georgia Bar No. 447088


 /s/ Ernest L. Beaton, IV
Ernest L. Beaton, IV
Georgia Bar No. 213044
Attorneys for Defendant
WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com

CERTIFICATE OF SERVICE

I hereby certify that a copy of the above and foregoing ANSWER OF DEFENDANT WAL-MART STORES EAST, LP has this day been filed and served upon opposing counsel via Odyssey eFileGA.

This the  5th  day of March, 2020.

            McLAIN & MERRITT, P.C.

             /s/ Howard M. Lessinger
            Howard M. Lessinger
            Georgia Bar No. 447088
            Attorney for Defendant
            WAL-MART STORES EAST, LP

3445 Peachtree Road, N.E.
Suite 500
Atlanta GA  30326
(404) 365-4514
(404) 364-3138 (fax)
hlessinger@mmatllaw.com